IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

LARRY DARRELL DOUGLAS, SR. *et al.*,

    Plaintiffs,

v.

POTTER COUNTY, TEXAS,

    Defendant.

2:24-CV-30-Z

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("MTD") (ECF No. 19). The MTD is **DENIED**.

**BACKGROUND**

Plaintiffs allege Section 1983 "conditions of confinement" and "episodic act or omission" claims in violation of their Fourteenth Amendment rights against Defendant Potter County ("Defendant" or "County"). ECF No. 16 ¶¶ 4, 6. Plaintiffs specifically claim that the County is liable to Plaintiffs, Wrongful Death Beneficiaries, and Claimant Heirs because the County's policies, practices, and customs "were moving forces behind . . . the decedent's suffering, damages, and death." *Id.* ¶ 3. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See generally* ECF No. 19.

The Amended Complaint alleges the following: Larry Douglas, Sr. was a pretrial detainee throughout his entire incarceration in the Potter County Jail. ECF No. 16 ¶ 9. In the jail, Douglas "persistent[ly] vomit[ed]" and demonstrated a "general inability to eat and drink without vomiting" coupled with "severe abdominal pain from a burst appendix." *Id.* ¶ 11. He was "laughed at, left without any medical care for these issues," and refused treatment by jail employees after ignoring

his numerous complaints. *Id.* After suffering for a "number of days," Douglas succumbed to his illness on March 9, 2022. *Id.* An autopsy report was conducted, confirming that he "had suffered from acute appendicitis and an appendix rupture." *Id.* ¶ 41.

**LEGAL STANDARD**

Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's legal theories, however, are not accepted as true. *Iqbal,* 556 U.S. at 678–79. Courts should "construe facts in the light most favorable to the nonmoving party" — here Plaintiffs — "as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

**ANALYSIS**

Plaintiffs allege that Defendant is liable under Section 1983 over conditions of confinement. ECF No. 16 ¶ 6. In the alternative, Plaintiffs assert that they "plead facts which give rise to episodic acts and/or omissions claims." *Id.* Defendant avers that Plaintiffs' allegations "do not meet the *Iqbal* and *Twombly* standards." ECF No. 19 at 15.

**I. The Section 1983 objective unreasonableness standard is implausible here.**

Plaintiffs urge the Court to adopt a *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) standard for a Section 1983 episodic act or conditions of confinement claim. ECF No. 16 ¶ 105. In *Kingsley*, a pretrial detainee sued several jail officers alleging they violated the Fourteenth Amendment's Due Process Clause by using excessive force against him. *Kingsley*, 576 U.S. at 391. The Court

determined "whether, to prove an excessive force claim, a pretrial detainee must show that the officers were *subjectively* aware that their use of force was unreasonable, or only that the officer's use of that force was *objectively* unreasonable." *Id.* at 391–92 (emphasis in original).

Plaintiffs plead that "since pretrial detainees' rights to receive reasonable medical and mental healthcare, to be protected from harm, and not to be punished at all, also arise under the Fourteenth Amendment's Due Process Clause, there is no reason to apply a [subjective] standard when analyzing those rights." ECF No. 16 ¶ 105. "An objective unreasonableness standard," they conclude, "should apply in this case and all pretrial detainee cases." *Id.* ¶ 106.

No it should not. Trial courts are bound to follow circuit court precedent "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [Fifth Circuit's] en banc court." *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008); *see United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir 2013) ( "Such an intervening change in the law must be unequivocal, not a mere 'hint' of how the Court might rule in the future.").

The Fifth Circuit, meanwhile, has adopted the objective unreasonableness standard only for pre-trial detainee cases involving excessive force. *Crandel v. Hall*, 75 F.4th 537, 544 (5th Cir. 2023); *cf. Cope v. Cogdill*, 3 F.4th 198, 207 n.7 (5th Cir. 2021) (noting that *Kingsley* "did not abrogate [Fifth Circuit] . . . precedent"); *see also Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (holding that "a state jail official's liability . . . cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk"); *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 n.4 (5th Cir. 2017) ("Because the Fifth Circuit has continued to rely on *Hare* and to apply a subjective standard post *Kingsley*, this panel is bound by our rule of orderliness.").

But Plaintiffs don't allege excessive force. *See Kingsley*, 576 U.S at 397 (noting that the Due Process clause "protects a pretrial detainee from the use of excessive force that amounts to punishment") (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Hence, the objective-reasonableness standard should not apply here.

By contrast, for conditions-of-confinement claims, a plaintiff must show "(1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020). A policy may be shown through an "officially adopted" policy statement that is "promulgated by the municipality's lawmaking officers . . . ." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003); *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc). Most notably, if an officially adopted policy cannot be shown, an officer or jail official must demonstrate "actual, constructive knowledge" of a "persistent, widespread practice of city officials or employees . . . ." *Webster*, 735 F.2d at 842.

To establish liability for omissions or episodic claims, a plaintiff must show that municipality employees "acting with subjective deliberate indifference, violated [the plaintiff's] constitutional rights . . . ." *Sanchez v. Young Cnty., Tex*, 866 F.3d 274, 280 (5th Cir. 2017). An official with such knowledge then shows a deliberate indifference "by failing to take reasonable measures." *Hare*, 74 F.3d at 648.

**II. Plaintiffs adequately allege conditions of confinement and episodic acts.**

To establish municipal liability, a plaintiff must show "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021) (internal marks omitted).

Establishing a conditions-of-confinement claim requires a plaintiff to plead "[1] a condition — a rule, a restriction, an identifiable intended condition or practice, or sufficiently extended or pervasive acts or omissions of jail officials — [2] that is not reasonably related to a legitimate government objective [3] that caused the constitutional violation." *Sanchez*, 956 F.3d at 791. Defendant contests the first element.

To bring an episodic-acts-or-omissions claim, a plaintiff must demonstrate that a government official acted with subjective deliberate indifference to the pretrial detainee's right to medical care and protection from harm under the Fourteenth Amendment. *Hare*, 74 F.3d at 648. Demonstrating subjective deliberate indifference requires a prison official to be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### A. Plaintiffs alleged a satisfactory confinement claim.

Defendant argues that Plaintiffs failed to "properly allege any policy was officially adopted." ECF No. 19 at 13. It further contends that Plaintiffs "infer a policy or custom merely because harm allegedly resulted from some interaction with Potter County Sherriff's Office officials." *Id.* at 14. The County concludes that "without proof [of] recurring patterns," the pleadings fail at this stage. *Id.*

A complaint does not require "detailed factual allegations" but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Amended Complaint lists the "County's policies, practices, and customs" with various details ranging from "written Jail policy" and other unwritten jail protocols. ECF No. 16 ¶¶ 103–04. These include, but are not limited to, (1) Defendant's failure to observe "serious health issues" in an "effort to save costs"; (2) Defendant only contacting "emergency medical services or transports a person to a local

5

hospital if the person appeared to be near death"; and (3) that Defendant had "an impermissible 'time will tell' policy for detainees who were suffering from serious medical issues." *Id.* ¶ 104. To meet with the County physician, the policy states that a detainee must submit a written request "to be placed on the doctor call list." *Id.* However, "the physician would normally be in jail" only on "Tuesdays." *Id.* The "Potter County Physician must approve all outside doctor appointments, dental appointments included. The County Physician must approve all medication." *Id.*

Plaintiffs further allege similar incidents at the jail in the Amended Complaint. *Id.* ¶¶ 97–102. And these facts sufficiently surpass *Twombly*'s mere "speculation" threshold at this stage. *Twombly*, 550 U.S. at 555. Thus, Plaintiffs satisfy this element.

### B. Plaintiffs demonstrated deliberate indifference for an omissions claim.

Defendant argues that "[t]he Plaintiffs' Complaint does not properly meet the subjective deliberate indifference standard." ECF No. 19 at 20. Conceding that a "government official perhaps should have drawn the inference" but no official "actually drew [it]," Defendant concludes that the claim was not sufficiently pled. *Id.*

The Court disagrees. Plaintiffs allege that one or more County employees knew or should have known that Douglas was ill. ECF No. 16 ¶¶ 47, 52–53, 55–56, 69, 72, 73, 75, 76, 82. Plaintiffs contend that Douglas and other detainees informed jailers of his consistent vomiting and pain. *Id.* ¶¶ 47, 57–59, 65, 89. However, he "cried and clutched his abdomen for hours leading to days," prompting him to tell an officer that he was "having appendicitis." *Id.* ¶¶ 47, 57–59, 68, 89. The medical officer responded, "time will tell." *Id.* ¶¶ 61–64. A jailer corroborated this information by telling the medical officer that "it's probably [Douglas's] appendix." *Id.* ¶¶ 86–88. Taking the facts alleged in the Amended Complaint as true — as *Iqbal* requires — there is little question as to the sufficiency of these facts in the Amended Complaint.

### III. Wrongful death and survival statutes are not claims but remedies.

"The Plaintiffs seek damages under Texas' wrongful death and survival statutes." ECF No. 19 at 22. "To the extent that those are claims and not simply remedies made pursuant to Texas law," the County argues, "they are barred by sovereign immunity." *Id.*

Not so. The Fifth Circuit has held that "section 1983 incorporates state wrongful death and survival statutes 'to provide . . . full remedies for violations of constitutional rights.'" *Mata v. City of Ennis*, No. 3:01-CV-983-M, 2003 WL 252027, at *3 & n.12 (N.D. Tex. Jan. 30, 2003) (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 390 (5th Cir. 1992)). An individual may bring a claim under federal civil-rights laws through Texas' wrongful death statute. *See Rhyne*, 973 F.2d at 390–91 (finding Section 1983 standing under state's wrongful death statutes). The statutes exist to allow plaintiffs to obtain remedies; they are not "claims" in of themselves. *See Flores v. Cameron Cnty.*, 92 F.3d 258, 271 (5th Cir, 1996) (explaining that "a parent may recover damages analogous to state law wrongful death damages in [section] 1983 action based on the violation of her child's civil rights"). Therefore, references to wrongful death and survival statutes will not be dismissed, as they are not claims.

CONCLUSION

Defendant's MTD is **DENIED**.

**SO ORDERED.**

July 23, 2024

*[signature]*

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

7